HAMILTON *v.* FENTON.

1. Deeds—Construction—Ejectment.

Whether a deed, which is clear and unambiguous upon its face, expresses the true intention of the parties, cannot be investigated in an action of ejectment.

2. Same—Interest Conveyed.

The words "only heirs at law of A. B.," following the names of the grantors in a deed, do not operate to limit the estate conveyed to the interest acquired through A. B.

Error to Genesee; Wisner, J. Submitted January 27, 1899. Decided March 23, 1899.

Ejectment by William Hamilton against J. Brush Fenton and Mary A. V. Fenton. From a judgment for plaintiff, defendants bring error. Affirmed.

This is an action of ejectment to recover a triangular piece of land on lot 12, block 55, in the city of Flint. Artemus Thayer was, on the 14th of May, 1874, the owner of lots 10, 12, and 14 of said block. On that date he gave a mortgage to the plaintiff on lots 12 and 14, and the south 12 feet of lot 10. Lot 10 lies immediately adjoining lot 12 on the north. Thayer, on the same day, conveyed to his daughter (the defendant Mary A. V. Fenton) the north 54 feet of lot 10. Shortly after this conveyance, the defendant J. Brush Fenton erected a brick residence on lot 10, which, after it was constructed, was found to extend a trifle over the southerly line of the land which had been deeded to Mrs. Fenton. When this fact was discovered, Mr. Fenton informed Mr. Thayer of the fact, and purchased a strip from him, taking a deed to the land in his own name, but afterwards deeding to his wife, defendant Mary A. V. Fenton. The land conveyed by these conveyances was described by metes and bounds,

and extended at the rear of the lot some 18 feet south of the north line of lot 12, and at the front about 3 feet; comprising, besides other lands conveyed, a wedge-shaped strip off the north side of lot 12, 18 feet at the rear and 3 feet at the front of the lot. On the 1st of February, 1879, the plaintiff, on request, released from his mortgage the south 12 feet of lot 10 and the north 3 feet of lot 12. Mr. Thayer died in 1880, and on the 11th of April, 1882, the heirs at law of Mr. Thayer, including the defendant Mary A. V. Fenton, who was a daughter of Mr. Thayer, joined in a conveyance to plaintiff of lots 14 and 12, except the north 3 feet thereof. The conveyance thus included the wedge-shaped piece not released from the mortgage, but which had been conveyed by Mr. Thayer in his lifetime. It is this piece of land which is in controversy in this action. It appears that, after the conveyance to Mr. Fenton by Mr. Thayer, the two put down a well on the line between the two properties, as defined in the deed, and a fence was built on this line for a portion of the distance across the lot. The circuit judge, upon findings of fact which embodied the above, rendered a judgment for the plaintiff, and the defendants bring error.

*George R. Gold* and *William Newton*, for appellants.

*Durand & Carton*, for appellee.

MONTGOMERY, J. (*after stating the facts*). It is manifest that the question presented is, What is the proper construction of the deed to plaintiff? For, if this deed be held to be a valid and effective conveyance of the wedge-shaped strip in controversy, the previous relations of the parties, as mortgagor and mortgagee, cannot be deemed of controlling importance, while if, on the other hand, the defendants' contention that the deed conveyed simply the interest which vested in Mrs. Fenton as one of the heirs at law of Artemus Thayer be allowed, the previous dealings may have more significance. We are dealing with this issue in a court of law, and must determine the effect

of this deed by its own terms, if it is complete in itself and unambiguous. We are not at liberty to correct any supposed mistakes which may have occurred in its execution. As the circuit judge pertinently said: "The intent must be gathered from the instrument itself, if possible."

Is there any difficulty in ascertaining an expressed intention in this deed? If not, we are not at liberty to enter upon an investigation of the question whether that expressed intention is the real intention. That question might be open in a court of equity, if fraud or mutual mistake were shown, but not in a court of law and in this form of action. We discover nothing ambiguous in this deed. Apt words of conveyance are employed, and the lands intended to be conveyed are defined. The fact that the grantors are named as heirs at law of Artemus Thayer does not, we think, introduce any element of uncertainty. The words, "only heirs at law of Artemus Thayer," follow the names of the grantors in the deed. They are not expressed to be words of limitation on the estate, and neither in the premises nor any subsequent clause are there any restrictive words to be found. The statute (section 5653, 2 How. Stat.) provides that a deed of quit-claim and release in the form in common use shall be sufficient to pass all the estate which the grantor could lawfully convey by a deed of bargain and sale. It must be held that the triangular piece in question was conveyed by the deed of April 11, 1882. It is not shown that the plaintiff has since relinquished his title, or that the occupancy up to the line claimed by the defendants has been by virtue of any agreement with plaintiff. The most that can be claimed is that he has acquiesced in this occupancy for a period less than that fixed by the statute of limitations.

Judgment is affirmed.

The other Justices concurred.